IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAUL NEVERAZ,                         :
            Plaintiff                 :
      v.                              : Case No. 3:09-cv-40-KRG-KAP
MARDI VINCENT, SUPERINTENDENT,        :
S.C.I. LAUREL HIGHLANDS, UNIT         :
MANAGER MICHAEL LEIDY, and            :
CORRECTIONS OFFICER GIPE,             :
            Defendants                :

Report and Recommendation

Recommendation

Plaintiff filed a civil complaint alleging that while he was an inmate at S.C.I. Laurel Highlands he was attacked by a fellow inmate. Plaintiff named as defendants the warden at the prison, the unit manager of the portion of the prison where he was housed, and the corrections officer who allegedly observed the attack and did not intervene. The first two defendants moved to dismiss, docket no. 13, and plaintiff moved to amend the averments of his complaint, docket no. 16, to allege that those defendants knew that his assailant was mentally ill and prone to violent attacks. The motion to amend is granted. As amended the complaint adequately states a failure to protect claim against Unit Manager Leidy, but the complaint against Warden Vincent should be dismissed.

Report

Plaintiff asserts that on June 4, 2008, a fellow inmate named Cooper assaulted him in Housing Unit BA, in the presence of Corrections Officer Gipe, and due to Gipe's failure to intervene

Cooper's attack continued to the pint that plaintiff was seriously injured. Unit BA is an open dormitory style housing unit. The liability of the Warden, Vincent, and the Unit Manager, Leidy was initially premised on their knowing housing of mentally ill inmates in an overcrowded dormitory setting, with inadequate monitoring. In other words, plaintiff alleged negligence on the part of Vincent and Leidy. Those defendants therefore moved to dismiss.

As amended, however, plaintiff's complaint can be liberally construed to allege that defendants knew of inmate Cooper's mental illness and violence-prone nature. That is sufficient to move the averments from the realm of negligence to the realm of deliberate indifference. A failure to protect claim, see generally <u>Cerome v. Moshannon Valley Correctional Center</u>, 2009 WL 874610 (W.D.Pa. March 27, 2009) can be stated by allegations either that the inmate who was assaulted was known to be particularly at risk, or by allegations that the assaultive inmate was known to be a particular threat of violence. In the latter case, it is sufficient but not necessary for the inmate assaulted to further allege that the defendants knew that the assaulting inmate was a particular threat to the assaulted inmate.

While the amended allegations make plaintiff's claim against defendant Leidy plausible, the same cannot be said about the claim against defendant Vincent. As the warden of more than a thousand inmates it is implausible, in the absence of additional

2

factual allegations, to infer that she had any actual role in the housing decisions about inmate Cooper or in the day to day supervision of Housing Unit BA. In <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009), the Supreme Court advised lower federal courts that in construing the adequacy of a complaint under Fed.R.Civ.P. 8, a court:

"... can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

<u>id.</u>, 129 S.Ct. at 1950. As applied to the warden of the prison, allegations of personal knowledge about the minutiae of housing assignments or inmate histories are no more than conclusions. Allowing a complaint to proceed based on conclusory allegations that the warden knew those minutiae risks turning from the assessment of the personal involvement of a defendant required for liability under 42 U.S.C.§ 1983, to merely requiring an artful way of pleading <u>respondeat superior</u>. The action should proceed to summary judgment or trial against Leidy and Gipe, but not Vincent.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: September 7, 2009

Keith A. Pesto,
United States Magistrate Judge

3

Notice by ECF to counsel of record and by U.S. Mail to:

    Raul Neveraz HF-3717
    S.C.I. Laurel Highlands
    P.O. Box 631
    5706 Glades Pike
    Somerset, PA 15501-0631